UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEVIN L. PERRIGO,<br><br>　　　　　　　　　Plaintiff,<br>v.<br>PREMIUM ASSET SERVICES,<br><br>　　　　　　　　　Defendant. | Case No.2:14-cv-01052-GMN-PAL<br><br>**ORDER**<br><br>(Mtn for Default - Dkt. #12) |

This matter is before the court on Plaintiff Kevin L. Perrigo's Application for Default Judgment (Dkt. #12), filed on February 4, 2015, which was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule IB 1-4.  The court has considered the Motion.

Plaintiff seeks an order pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, awarding him default judgment against Defendant Premium Asset Services.  The Complaint (Dkt. #1), filed on June 27, 2014, alleges claims under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq., and the Telephone Consumer Protection Act, 47 U.S.C. § 227, related to Defendant's bill collecting activity against Plaintiff.  On June 30, 2014, the Clerk of Court issued Summons (Dkt. #4) against Defendant, and Plaintiff filed proof of service of process on July 3, 2014.  *See* Summons Returned Executed (Dkt. #5).  Defendant did not file a responsive pleading, and the Clerk of Court entered default against it on July 28, 2014, on Plaintiff's Motion (Dkt. #10).  *See* Clerk's Entry of Default (Dkt. #11).  Plaintiff seeks entry of default judgment against Defendant and requests statutory, punitive, actual damages, emotional distress damages, and attorney's fees and costs.

Obtaining a default judgment is a two-step process under Rule 55.  *See Eitel v. McCool,* 782 F.2d 1470, 1471 (9th Cir. 1986); *see also* Fed. R. Civ. P. 55.  Here, the Clerk has entered default against Defendant, and Plaintiff now seeks default judgment.  The grant or denial of a motion for default judgment is within the discretion of the court. *See Lau Ah Yew v. Dulles,* 236

1  F.2d 415, 416 (9th Cir. 1956); *Warner Bros. Entm't Inc. v. Caridi,* 346 F. Supp. 2d 1068, 107
2  (C.D. Cal. 2004). In determining whether to exercise its discretion to enter a default judgment,
3  the court considers the following factors: (1) the possibility of prejudice to Plaintiff, (2) the
4  merits of Plaintiff's substantive claim and the sufficiency of the complaint, (3) the sum of money
5  at stake in the action, (4) the possibility of a dispute concerning material facts, (5) whether the
6  default was due to excusable neglect, and (6) the strong policy underlying the Federal Rules of
7  Civil Procedure favoring decisions on the merits. *Eitel,* 782 F.2d at 1471-72.

8  Plaintiff's Application recognizes that the court should consider the factors enumerated
9  by the Ninth Circuit in *Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir. 1986). However,
10 Plaintiff has not addressed any of those factors or made any other argument why the court should
11 exercise its discretion to enter default judgment against Defendant.

12 Accordingly,

13 **IT IS ORDERED** that Plaintiff's Motion for Default Judgment (Dkt. #12) is DENIED
14 WITHOUT PREJUDICE.

15 Dated this 9th day of February, 2015.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE